**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:01-cr-00296-MTS |
| | ) | |
| ANDRE WORTHY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant Andre Worthy ("Defendant") has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. [423]. Because Defendant has failed to show an extraordinary and compelling reason warranting compassionate release, the motion will be denied.

On March 5, 2002, following a jury trial, Andre Worthy and his co-defendants were found guilty of a variety of counts arising out of a conspiracy to rob multiple banks. On July 31, 2002, Defendant was sentenced to 444 months – 60 months as to Count I, Conspiracy to Commit Armed Bank Robberies, 18 U.S.C. § 371; 300 months as to Count II, Attempted Armed Bank Robbery, 18 U.S.C. § 2 and § 2113(a) and (d); and 84 months as to Count III, 18 U.S.C. § 2 and § 924(c), Use of a Firearm in Relation to a Crime of Violence, all terms to be served consecutively. Doc. [265]. Worthy subsequently filed a direct appeal, and on November 18, 2003, the United States Court of Appeals for the Eighth Circuit affirmed the judgment of the district court. *United States v. Coleman*, 349 F.3d 1077 (8th Cir. 2003).[1] On May 18, 2005, Worthy filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. *See* 4:05-cv-0791-ERW, Doc. [1].

[1] Amended judgment filed May 8, 2006, Doc. [354], due to clerical error.

The Motion was denied on November 10, 2005. *See* 4:05-cv-0791-ERW, Doc. [33]. The Eighth Circuit ultimately denied Worthy's certificate of appealability on June 29, 2006. *See* 4:05-cv-0791-ERW, Doc. [54].

On June 23, 2016, Worthy filed a Motion to Correct Sentence Under 28 U.S.C. § 2255. *See* 4:16-cv-0961-ERW, Doc. [1]. Worthy's Motion was denied because he had not requested permission from the Eighth Circuit to file a second or successive petition in this Court. *See* 4:16-cv-0961-ERW, Doc. [4]. Worthy's petition was ultimately denied by the Eighth Circuit. *See* 4:16-cv-961-ERW, Doc. [7]. On July 1, 2020, Worthy attempted another habeas motion, Doc. [377], Crim No. 4:01-cr-0296-ERW, and the Eighth Circuit denied authorization once again. Doc. [399], Crim No. 4:01-cr-0296-ERW.

On July 20, 2020, Worthy filed his first Motion for Compassionate Release and/or Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act and the Cares Act. Doc. [378]. The Motion was denied by this Court, Doc. [383], and that determination was affirmed by the Eighth Circuit. Doc. [388].

On June 21, 2024, Worthy filed this action for Compassionate Release and/or Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act. Doc. [423].[2] This Court agreed to hold Defendant's Motion in abeyance pending decisions from the Eighth Circuit and subsequent cases brought before the United States Supreme Court regarding the United States Sentencing Commission's 2023 amended policy statement, adding § 1B1.13(b)(6). Defendant

[2] Defendant is presently serving his sentence at Hazelton FCI, with a projected release date of May 17, 2034. https://www.bop.gov/inmateloc/ (last visited September 9, 2026).

claims U.S.S.G. § 1B1.13(b)(6)[3] provides him with an "extraordinary and compelling" reason for a sentence reduction because he has already served a significant amount of his unusually long thirty-seven-year sentence due to a gross disparity created by a non-retroactive change in the law - specifically, 18 U.S.C. § 924(c). Several years after Worthy was sentenced, Congress passed the First Step Act of 2018, which eliminated stacking of mandatory minimum sentences for multiple § 924(c) counts in a single case. Defendant argues that if he were sentenced today, he would have been subject to a lower mandatory sentence due to changes in § 924(c) and *United States v. Booker*, 543 U.S. 220 (2005).[4]

The United States Supreme Court has since heard *United States v. Rutherford* and held that a sentencing disparity created by a non-retroactive statutory change in the law (the First Step Act's nonretroactive statutory changes to § 924(c)), cannot serve as an "extraordinary and compelling" reason warranting compassionate release. *Rutherford v. United States*, 608 U.S. ---, 146 S.Ct. 1320, 1335 (2026). Although "Congress has empowered the Commission to 'give meaning' to the compassionate release provision by identifying the circumstances that constitute 'extraordinary and compelling' reasons for release … the Commission's policy statements must

[3] If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

[4] Worthy was indicted and sentenced for one firearm charge under § 924(c), therefore, he was not even subject to the mandatory minimum stacking issue when, prior to the First Step Act, multiple firearm counts in a single indictment triggered increasing mandatory minimums. In fact, under Count 3, Worthy was subject to a mandatory minimum term of imprisonment of not less than seven years for brandishing a firearm in relation to a crime of violence under 924(c), which was unchanged by the First Step Act. It is also worth noting that attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), is a crime of violence, unlike attempted Hobbs Act robbery. *See United States v. Spratt*, 141 F.4th 931, 936-37 (8th Cir. 2025); *see also United States v. Taylor*, 596 U.S. 845 (2022) (An attempted Hobbs Act robbery is *not* a crime of violence). Defendant also appears to claim *Booker* (holding that mandatory federal sentencing guidelines violated the Sixth Amendment) was a non-retroactive change in the law that created a gross disparity in the sentence he received. However, "*Booker* does not apply to criminal convictions that became final before the rule was announced and thus does not benefit movants in collateral proceedings." *Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005).

'be consistent with' the governing statute, 28 U.S.C. § 994(a), and courts have a duty to 'independently interpret the statute and effectuate the will of Congress.'" *Id*. at 1334 (quoting *Loper v. Bright Enterprises v. Raimondo*, 603 U.S. 369, 394-395 (2024)). The Court then held that "[t]he statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release. To the extent that it counsels otherwise, the Commission's policy statement is invalid." *Id*. at 1335.

The *Rutherford* Court also discussed the § 3553(a)[5] factors, finding that,

> Before determining the extent of a reduction based on the § 3553(a) factors, a court must first ensure that a movant is part of the "limited class of prisoners" who are "eligibl[e]" for such a reduction. *Dillon v. United States*, 560 U.S. 817, 825, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). And whether a prisoner is eligible depends on whether he can offer "extraordinary and compelling" reasons that "warrant" compassionate release, not on the § 3553(a) factors. § 3582(c)(1)(A)(i); *see id*., at 827, 130 S.Ct. 2683. This gatekeeping requirement is not, as petitioners seem to believe, a free-for-all. It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release.

In a companion case to *Rutherford* that was handed down the same day, the United States Supreme Court held in *Fernandez v. United States* that "[a] prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. § 2255, not 18 U.S.C. § 3582." *Fernandez v. United States*, 608 U.S. ---, 146 S.Ct. 1292, 1298 (2026). *See also United States v. Loggins*, --- F.4th ---, 2026 WL 1994093 at *3 (8th Cir. July 10, 2026) ("Consistent with the Supreme Court's binding decision in *Rutherford*, we hold that the First Step Act's nonretroactive

---

[5] The factors include, among other things: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

statutory changes to § 924(c), like other nonretroactive legal changes, cannot, whether offered alone or in combination with other insufficient factual considerations, constitute 'extraordinary and compelling' reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)").

These recent decisions conclusively show that Petitioner has failed to assert an extraordinary and compelling reason under § 3582(c)(1)(A). As that "gatekeeping" requirement has not been met, the Court need not address the § 3553(a) factors.

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Andre Worthy's Motion for Compassionate Release, Doc. [423], is **DENIED**.

Dated this 9th day of September, 2026

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE